UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONTE McCARGO,  :
 :
    Plaintiff, : Civ. No. 13-0529 (RBK) (KMW)
 :
v. : **OPINION**
 :
ERICA JAMES, et al., :
 :
    Defendants. :
 :

**ROBERT B. KUGLER, U.S.D.J.**

**I.  INTRODUCTION**

Plaintiff is a state prisoner currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey.  He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has submitted an application to proceed *in forma pauperis* which will be granted.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.  BACKGROUND**

For purposes of screening the complaint, the allegations of the complaint are accepted as true.  Plaintiff names several defendants in the complaint; specifically:  (1) the Warden of the Camden County Jail; (2) Erica James; (3) C.F.G. Health Group; and (4) Dr. Ronsario.

Plaintiff states that he is a Type 2 diabetic. He claims that Registered Nurse James gave him an improper insulin shot dosage of thirty-four units of regular insulin. Plaintiff states that his regular dosage is three units of regular insulin. When plaintiff questioned the dosage, James told him that "the book" said to give him thirty-four units. Plaintiff brought this discrepancy to the attention of Dr. Ronsario who asked James why she gave him so much insulin. James responded that "the book" told her to do so. Plaintiff was then housed in the hospital unit and given Gatorades, sandwiches and oranges every time his blood sugar was low and his blood sugar level was monitored.

In his request for relief, plaintiff seeks to have the Court fully investigate this matter so that it does not happen again.

### III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

  B.  Section 1983 Actions

     A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.     DISCUSSION

A. <u>Warden – Camden County Jail, C.F.G. Health Group, Dr. Ronsario</u>

Plaintiff bases his complaint upon the allegation that James gave him an improper dosage of insulin. The Third Circuit has explained that:

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plaintier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam). The Third Circuit has also noted that deliberate indifference can be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted).

"In order for liability to attach under § 1983, a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, No. 12-4564, 2013 WL 3834399, at *2 (3d Cir. July 25, 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

In this case, the complaint fails to state a § 1983 claim against the Warden, C.F.G. Health Group and Dr. Ronsario. First, besides mentioning C.F.G. Health Group in the caption as a defendant, the complaint is completely silent as to C.F.G. Health Group's actions as a defendant other than stating that Dr. Ronsario is in charge of the company. Second, it appears as if plaintiff's allegations against these defendants are premised on a *respondeat superior* theory. For example, plaintiff alleges that the Warden is ultimately responsible for the staff that works in the Camden County Jail. Nevertheless, as to all three of these defendants, plaintiff does not allege their personal involvement when James gave the improper dosage, nor does he allege any personal direction or actual knowledge of these defendants that the improper dosage would be given. Accordingly, plaintiff does not allege that these defendants knew of and disregarded an excessive risk to his health. Indeed, plaintiff admits that upon learning that plaintiff received the improper dosage, he was sent to the hospital wing where his blood sugar level was monitored. Accordingly, plaintiff has failed to state a claim as to these three defendants.

B. <u>Erica James</u>

As stated above, plaintiff alleges that James gave him the improper dosage of insulin for his diabetes. Allegations of mere negligence or medical malpractice are insufficient to show that

5

a defendant is deliberately indifferent to a serious medical need.  *See Steedley v. McBride*, 446 F. App'x 425-26 (3d Cir. 2011) (per curiam) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) (citing *Rouse v. Plaintier*, 182 F.3d 192, 197 (3d Cir. 1999))).  Plaintiff's allegations against James do not state that she was deliberately indifferent.  Indeed, plaintiff admits as much in his complaint when he states in his claim for relief that he would like the Court to investigate the matter "and conclude that the medical staff was negligent."  (Dkt. No. 1 at p. 5.)  In this case, James' action in giving plaintiff the incorrect dosage of insulin is more akin to a malpractice/negligence claim rather than deliberate indifference.  *Accord Andreasik v. Danberg*, No. 12-206, 2012 WL 3150527, at *3 (D. Del. Aug. 1, 2012) ("[T]he complaint alleges that plaintiff received an improper dose of medication.  The allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference."); *Parker v. Hall*, No. 11-1142, 2012 WL 1378539, at *4 (D. Del. Apr. 18, 2012) (finding that plaintiff failed to state a constitutional claim for deliberate indifference to a serious medical need where complaint alleged that plaintiff was given an incorrect dose of medication which at most alleges negligence).  Accordingly, plaintiff fails to state a claim against defendant James.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must grant plaintiff leave to amend the complaint unless amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  In this case, because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, plaintiff shall be given leave to amend.

## V.     CONCLUSION

For the following reasons, the complaint will be dismissed without prejudice.  Plaintiff shall be given the opportunity to submit an amended complaint should he so choose.  An appropriate order will be entered.


DATED:  October 16, 2013

                    s/Robert B. Kugler
                    ROBERT B. KUGLER
                    United States District Judge